Muraletharen
**SANTHIRAMOWLEESAN, Petitioner,**

v.

**Peter D. KEISLER, Attorney**

General,[1] Respondent.

No. 06–0069–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2007.

Visuvanathan Rudrakumaran, New York, N.Y., for Petitioner.

Wendy H. Waszemer, Assistant United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

## *SUMMARY ORDER*

When, as here, the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394–95 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ's adverse credibility determination is not supported by substantial evidence. First, the IJ's finding that the testimony was vague is not supported by the record. Santhiramowleesan provided numerous details regarding his alleged detentions on three different occasions by three different groups in Sri Lanka.

Next, the IJ found that several aspects of the petitioner's testimony were implausible. These findings were not tethered to the record and were based on speculation. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). The IJ also found that the petitioner's testimony contained several inconsistencies, but most of the inconsistencies cited were minor and isolated. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 395 (2d Cir.2005). Further, although the petitioner's testimony regarding his detention in August 1992 may have contained a material inconsistency, his otherwise consistent accounts of the August 1992 detention were not "dramatically different." Thus, as the government argues in its motion, the IJ could not rely on the alleged inconsistency to support an adverse credibility ruling "without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them." *Ming Shi Xue v. Board of Immigration Appeals,* 439 F.3d 111, 121 (2d Cir.2006). Due to the numerous flaws in the IJ's adverse credibility determination, it cannot be stated with confidence that the IJ would adhere to the same decision, absent any errors. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

The IJ made an alternative finding that even if the petitioner's testimony were credible, the petitioner did not establish that the alleged persecution was based on a protected ground. However, the applicant need not show that the protected ground was the sole basis for the persecution and Santhiramowleesan was not required to prove the exact reason for the actions of the Sri Lankan police. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir. 1994); *In re S–P–,* 21 I. & N. Dec. 486, 495 (BIA 1996). Finally, the IJ found that even if the petitioner credibly established past persecution, the country conditions have changed so that the petitioner no longer would have a well-founded fear of persecution. However, the IJ ignored contradictory evidence in the country reports and exaggerates the relevance of the evidence he cited. *See Tambadou v. Gonzales,* 446 F.3d 298, 301–04 (2d Cir.2006). For the foregoing reasons, we remand for further proceedings consistent with this order.

We also remand with instructions that this case be assigned to a different IJ. This case was first heard by IJ Philip J. Montante on May 17, 2001. On May 29, 2003, the BIA granted a motion to reopen and to reconsider, finding the IJ's initial analysis of the record to be "suspect in several respects." Of particular importance, the BIA criticized the IJ for making an implausibility finding for which the IJ cited no source. *See In re Muraletharen Santhiramowleesan,* No. A77 905 584 (B.I.A. May 29, 2003) (noting that it was error for the IJ to speculate that it was implausible that a persecuting guerrilla group would release the petitioner after a 16–day detention "so that the respondent could continue his schooling," because the "Immigration Judge offered no source supporting [this] conclusion of implausibility").

In the reopened hearing, IJ Montante seemed to discount the significance of the BIA's criticisms of his first decision. *See* No. A95 381 199, at 11 n. 1 (Immig. Ct. Buffalo March 11, 2004) ("With all due respect to the BIA, the Court feels that parts of its initial decision were read out of context and those parts appear to have formed the basis for the BIA's granting of Respondent's motion to reconsider."). Most troubling, without supplementing the record, IJ Montante repeated the same implausibility finding criticized by the BIA and again failed to cite any supporting source. *See* No. A95 381 199, at 14 (Immig. Ct. Buffalo March 11, 2004) ("The Court finds it highly unlikely that a terrorist organization conducting an active movement against the SRI Lankan government would simply let someone leave a labor camp to take an exam.").

Further, the IJ has now twice made many of the same errors in examining the same record. For example, the government concedes in its motion that the IJ may have relied on minor inconsistencies in the petitioner's testimony and that the IJ failed to consider whether the alleged persecution had a mixed economic and political motive. The IJ made many of these same errors in the initial opinion. *See, e.g.,* No. A95 381 199, at 10 (Immig. Ct. Buffalo May 17, 2001) (petitioner failed to "show any causal connection between the acts complained of . . . [and] the five factors under the 'Act.' ").

In light of the IJ's failure to adhere to the BIA's explicit instructions on the first remand, and of the IJ's repeated errors in analyzing the same record, it would be inappropriate for the same IJ to evaluate the same record for a third time. We thus remand with instructions to assign the case to a different IJ. *See Guo–Le Huang v. Gonzales,* 453 F.3d 142, 151 (2d Cir. 2006) (noting that the Court of Appeals has "the power to require reassignment when necessary to avoid repetition of a biased discharge of [the IJ's adjudicative functions] or even to avoid the appearance of substantial injustice."); *cf. Islam v. Gonzales,* 469 F.3d 53, 56 (2d Cir.2006) (remanding to a different IJ "because [the IJ's] conduct of the hearing creates substantial uncertainty as to whether the record below was fairly and reliably developed, we remand for further proceedings before a different IJ.").

For the foregoing reasons, the government's motion to remand is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA with instructions to assign the case to a different IJ. The petition for review, and all pending motions, are DISMISSED as moot.